

To: Judge Daniel W. O'Malley

From: Rashad Bey

FILED
IN CLERKS OFFICE

2022 MAR 14 AM 11: 29

U.S. DISTRICT COURT
DISTRICT OF MASS

### Affidavit of Fact: Writ of Dismissal Memorandum

In regards to case( #2020-0H3-006201) this matter should be dismissed outright on the grounds that no crime was committed. On 11/17/20 I was unlawfully stopped and arrested by Trooper Kevin tufts (#4054) for the alleged charges of False ID information, Arrestee Furnish to Law Enforcement c268/34A, Unlicensed operation of mv c90/10a, Number plate violation to conceal id c90/23 and unregistered motor vehicle c90/9. The united States Supreme court ruled in (United States v. Cortez, 449 u.s 411,417) that an investigatory stop must be justified by some objective manifestation that the person stopped or is about to be, engaged in criminal activity. These are the same alleged charges that was dismissed on May 21, 2021 at Woburn District Court, (see docket number: 2153CR000235)  & ( Article 4, section 1) of the constitution for the united States of America).

The alleged charges of Possession of a Firearm, Poss. Of a Large Capacity feeding device, Poss of Ammo without FID card is inadmissible evidence. In (Mapp v. Ohio) the united States supreme court ruled that evidence obtain by way of search and seizure in violation of the fourth amendment is inadmissible evidence in state courts and federal courts. When I was in jail at the Foxboro police barracks, The Massachusetts State police opened my locked trunk and searched in my closed containers that was guised as an inventory search. In (Commonwealth v. Rostad 410 Mass. 618, 620), the Massachusetts Supreme Court ruled that a inventory search may not be allowed to become a cover or pretext for an investigative search and that an inventory search does not extend to the opening of closed containers. For the record I am not a Massachusetts resident, Massachusetts residents must have a firearm license to purchase a firearm. In Shackamaxon territory where I'm from corporately known as (PHILADELPHIA, PENNSYLVANIA) a license is not required to "purchase" a firearm see. (https://www.phila.gov/2018-03-20-gun-control-policies/). In regards to traveling with my unloaded firearm that was locked in my trunk, Mass General Law part 1, title XX , chapter 140 subsection 131c, part B Carrying of firearms in vehicle states that "No person carrying a firearm under a Class B license issued under section 131 or 131F shall possess the same in a vehicle unless such weapon is unloaded and contained within the locked trunk of such vehicle or in a locked case or other secure container." And title 18 u.s.c 926a interstate transportation of fire arms states, "Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a



compartment separate from the driver's compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console."

Without animosity, without malice, issued by my hand, with a sound mind, on this _____ day of _____, 2021

I Am: _____

Rashad Bey, a free Moorish American, aboriginal, All rights reserved and retained with prejudice.





To: Clerk of United States district Court for the Eastern District of Massachusetts.

From: Rashad Bey

## Affidavit of Fact/Notice of Removal

Now come In propria persona, Rashad Bey giving written notice to the United States District Court for the Eastern District of Massachusetts to remove case (Docket No 2055CR0010666) to federal court under U.S. Code Title 28 PART IV CHAPTER 89 § 1455 (b)(1) on the following basis.

1. On November 17th 2020, I was unlawfully arrested for an alleged traffic violation and my property was unlawfully searched and seized without probable cause in violation of my 4th amendment right.

2. A probable cause hearing took place November 18th 2020, in regards to if Highwayman Kevin Tuffs had probable cause to stop me during my travels in which the District Attorney claimed she had probable cause absent of evidence or a corpus delicti.

3. A 58(a) dangerousness hearing took place on Friday, November 20th 2020 due to Highwayman Kevin Tuffs searching and seizing my car, and lawfully owned firearm which was locked in my trunk in a backpack unloaded. I was released from Norfolk County jail based on my argument that my constitutional secured rights was violated, as well as the peaceable journey law 18 U.S.C 926(a).

4. November 2021, I filed a Writ of Dismissal Affidavit which was denied orally without any lawful explanation or documented grounds on why it was denied.

5. January 2022, A Motion to Suppress hearing was forced upon me that I never filled for and later denied by Daniel W. O'Malley, J on Feb 22, 2022; which violates 18 U.S.C 1001 because no motion of any kind was ever filed with Stoughton District Court by me.

6. This case at Stoughton District Court should be removed to the United States District Court for the Eastern District of Massachusetts due to the fact that this is the proper Court to hear and decide federal question and diversity of citizenship cases that directly involves the united States Constitution, federal law and treaties between Unites States and foreign countries.

7. Federal question jurisdiction exists in this case due to the following.



    a. Article 3, section 1; The judicial power of the United States, shall be vested in one Supreme Court.

    b. Article 3, section 2; The supreme Court shall have original jurisdiction.

    c. My 2nd, 4th, 5th, 6th and 8th amendment rights have been violated at Stoughton District Court.

    d. Commonwealth v. Rostad 410 Mass. 618, 620 (1991), Commonwealth v. Eagleton, 402 mass. 199, 207 n.13 (1988) United States v. Cortez, 449 U.S 411, 417 101 (1981) and Commonwealth v. Toole, 389 mass. 159,163 (1983) have all been violated by Stoughton District Court by not adhering to federal case law under article 4 section 1 of the Constitution for the united States of America.

8. Respectfully I'm demanding that this case be removed to federal court due to the fact that I've been suffering from personal injuries, and my rights have continue to get violated at Stoughton District court for about two years. I fear that justice will not be served at Stoughton District Court based on the unlawful treatment I've been experiencing and the disregard of the Constitution for the united States of America and United States laws. Recently I filed Case (1:21-cv-12132-IT) which was granted due to the District Attorney and Policeman at Stoughton District Court unlawfully seizing my property that does not belong to them.