UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RASHAD BEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action 22-cv-10397-IT |
| | * | |
| STOUGHTON DISTRICT COURT, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

ORDER FOR SUMMARY REMAND

May 4, 2022

TALWANI, D.J.

On March 14, 2022, *pro se* litigant Rashad Bey filed a <u>Complaint</u> [Doc. No. 1] against

the Stoughton District Court. Notwithstanding the title of the filing, Bey clearly indicates in his

papers that that he is purportedly trying to remove a state criminal prosecution against him to this

court.[1] Bey filed with his complaint a document titled "Affidavit of Fact/Notice of Removal."

Compl. [Doc. No. 1-3 at 3-4]. Explicitly invoking 28 U.S.C. § 1455(b)(1), Bey states that the

criminal case against him must be removed to federal court:

> Respectfully, I'm demanding that this case be removed to federal court due to the
> fact that I've been suffering from personal injuries, and my rights have continue
> to get violated at Stoughton District Court for about two years. I fear that justice
> will not be served at Stoughton District Court based on the unlawful treatment
> I've been experiencing and the disregard of the Constitution for the united States
> of America and United States laws.

---

[1] Bey represents that the pending state criminal charges against him include Possession of a
Firearm, Possession of a Large Capacity Feeding Device and Possession of Ammunition without
a Firearms Identification Card. Compl. [Doc. No. 1-3 at 1]. He identifies the state court case
number for the criminal prosecution against him as 2020-0H3-006201. <u>Id.</u>

Compl. [Doc. No. 1-3 at 4] (sic).

The statute governing the removal of criminal actions to federal court states in relevant part:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1455(a). The notice of removal "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). The district court must "examine the notice [of removal, and,] . . . [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, Bey has not met the procedural requirements for removing the case. First, he did not file "all process, pleadings, and orders served upon [him]" in the criminal action. 28 U.S.C. § 1455(a). Further, as indicated by his assertion that his rights have been "violated at Stoughton District Court "for about two years," Bey did not file the notice of removal within 30 days after his arraignment in state court.

More significantly, the state criminal prosecution does not meet the substantive requirements for removal. The following classes of criminal prosecutions may be removed to federal court: (1) a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) a prosecution "[f]or any act under color

of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)-(2). The criminal proceedings against Bey do not fall into either category. Despite Bey's conclusory allegations to the contrary, his allegations do not provide the court any basis to believe that he cannot enforce his federal rights in a state forum. See City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966) (stating that prosecutions are removable under § 1443(1) only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court"). Further, Bey cannot avail himself of § 1443(2) because his is not being prosecuted for an "act under color of authority."

Accordingly, this action is summarily REMANDED to the Stoughton District Court. The motion for leave to proceed *in forma pauperis* shall be terminated as moot.

IT IS SO ORDERED.

 /s/ Indira Talwani
United States District Judge

May 4, 2022